**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

CHARMMORCUS HOLLOWAY, SR.
ADC # 523608                                                                                    PLAINTIFF

V.                                          4:08-cv-00821-GTE

WES LOTT, Officer, Little Rock Police
Department; JASON HARRIS, Officer, Little
Rock Police Department; MACRICE SANDERS,
Little Rock Police Department; and ALLISON
WALTON, Little Rock Police Department                                            DEFENDANTS

## <u>ORDER</u>

Pending before the Court are two motions filed by Plaintiff regarding discovery matters: a Motion to Compel (Doc.  No. 40) the Defendants to provide information in response to his interrogatories, and a "Motion for Order for Examination" (Doc.  No. 46) in which he seeks a medical examination "to verify the extent of [his] injuries."  The Defendants have filed a Response (Doc.  Nos.  43-44) and the resolution of these motions has been referred to the undersigned (Doc. No. 48).

The Defendants have submitted, along with their Response to Plaintiff's discovery requests, copies of two letters sent to Plaintiff requesting authorization and permission from him to access his medical records.  According to the Defendants, Plaintiff has failed to execute any authorization; without this, the Defendants cannot gain access to the information which Plaintiff seeks for them to produce.  Upon review of the discovery requests and the Defendants' responses, it appears that the Defendants have adequately responded and Plaintiff is not entitled to an Order to Compel on these matters.  Plaintiff must execute the necessary authorization so that Defendants can obtain the requested medical records.  Accordingly, Plaintiff's Motion to Compel is DENIED.

As for Plaintiff's request for a medical examination, this too is DENIED.         Rule 35 of the Federal Rules of Civil Procedure does not allow the Court to compel a custodian to examine and conduct tests for prisoners.  Additionally, neither 28 U.S.C. § 1915 nor Rule 35 of the Federal Rules of Civil Procedure authorizes courts to pay for tests, consultation, or examination by private physicians.  *See, e.g.*, *Jones v. Liong*, 986 F. 2d 503 (8th Cir. 1993)(unpublished table decision), *citing  Johnson v. Hubbard*, 698 F. 2d 286 (6th Cir. 1983)(right of access to courts does not include payment of witness fees).  *See also McNeil v. Lowery,* 831 F.2d 1368, 1373 (7th Cir. 1987)("A litigant's constitutional right of access to the courts does not include a waiver of witness fees so that an indigent plaintiff can present his case fully to the court."); *Brown v. United States of America*, No. 00-3298, 74 Fed. Appx. 611, 2003 WL 21949580, at *3 (7th Cir. Aug. 11, 2003)(Fed.R.Civ.P. 35 "does not vest the court with authority to appoint an expert to examine a party wishing an examination of himself. Rather, under appropriate circumstances, it would allow the court to order a party to submit to a physical examination at the request of an opposing party."); *Whaley v. Erickson,* No. 05-C-898, 2006 WL 3692633, at *2-3 (E.D.Wis. Dec. 11, 2006)("nothing in Rule 35 appears to authorize a party to file a motion for his own physical examination, the obvious assumption being that an individual does not need a court order if he desires to have himself examined"); *Lindell v. Daley*, No. 02-C-459-C, 2003 WL 23111624, at *1-2 (W.D. Wis. June 30, 2003)(Rule 35 allows the court to "order plaintiff to submit to an examination at the request of the opposing party[.] The rule is not intended to cover a situation such as the one here, where plaintiff wishes an examination of himself.").  Plaintiff's Motion is, therefore, DENIED.

Plaintiff has also filed a notice of change of address, which has been docketed as a Motion to Amend (Doc.  No. 51).  The change of address having been duly noted in the docket entries, the Clerk of the Court is directed to MOOT this motion.  Plaintiff is directed to execute the medical

authorization forms in favor of the Defendants, within fourteen (14) days of the entry date of this Order.  If Plaintiff fails to do so the Court will entertain a Motion to Dismiss on those grounds by the Defendants.

DATED this  28th  day of August, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE